ROBERT L. BLAND, Judge.
On the 15th day of October, 1946, claimant Mae Morgan, a widow fifty-five years of age, residing on a farm owned by her in Nicholas county, West Virginia, left her home for the *267 purpose of calling upon a neighbor. She walked along a path on her own premises, about seventy-five feet from a state-controlled secondary highway. After proceeding a short distance she left the path and walked to a point where core drilling for coal had been conducted on her land. As she was looking at the rock which had been removed from the test hole and reflecting upon the depth of the hole she observed a buck deer coming in her direction. Her first thought was that the deer would run away when he saw her. It did not do so, however, but on the contrary viciously attacked her, knocking her down and goring her. She was alone, there being no one around to render assistance. As a result of the combat she sustained serious personal injuries. Eventually assistance came to her, and she was removed to the Sacred Heart Hospital at Richwood where she received hospitalization. She claims to have incurred liability to the extent of $825.00, for which amount she now seeks an award, and further, for a sufficient sum of money to compensate her for the permanent injuries she sustained. The conservation commission challenges the right of the claimant to an award in the premises. Claimant concedes that the question presented- by her claim is one of first impression in West Virginia.
It will be borne in mind that the protection and conservation of wild animals is provided for by statute in West Virginia. Chapter 20, code. This protection is especially applied to deer. The general right and ownership of wild -game is in the people of the state. In State v. Southern Coal & Transportation Company, 71 W. Va. 470, the case dealt with fish. The Court held as follows:
“The State is owner of the fish in its streams, and as such, under its police power, may enact legislation to protect the propagation of fish from injury from placing in, or allowing the entrance into, streams of any matter of any kind deleterious to the propagation of fish.”
“The State is not liable for injury to private property by beavers which it imports and attempts to protect by statute, whether the statute is constitutional *268 or not.” Barrett v. State, 220 N. Y. 423; point 3 syllabus L. R. A. 1918C, 400.
In the opinion in that case it is said:
"As to the first, the general right of the government to protect wild animals is too well established to be now called in question. Their ownership is in the State in its sovereign capacity, for the benefit of all the people. Their preservation is a matter of public interest. They are a species of natural wealth which without special protection would be destroyed. Everywhere and at all times governments have assumed the right to prescribe how and when they may be taken or killed. As early as 1705 New York passed such an act as to deer. (Colonial Laws, vol. 1, p. 585.) A series of statutes has followed protecting more or less completely game, birds, and fish.
“ ‘The protection and preservation of game has been secured by law in all civilized countries, and may be justified on many grounds. * * * The measures best adapted to this end are for the legislature to determine, and courts cannot review its discretion. If the regulations operate, in any respect, unjustly or oppressively, the proper remedy must be applied by that body.' (Phelps v. Racey, 60 N. Y. 10, 14.) [19 Am. Rep. 140.]
“Wherever protection is accorded, harm may be done to the individual. Deer or moose may browse on his crops; mink or skunks kill his chickens; robins eat his cherries. In certain cases the legislature may be mistaken in its belief that more good than harm is occasioned. But this is clearly a matter which is confided to its discretion. It exercises a governmental function for the benefit of the public at large, and no one can complain of the incidental injuries that may result.”
In the case of Mann v. State, Court of Claims of N. Y. (1944) 47 N. Y. Supp. 2d 553, the syllabus is as follows:
"Where deer suddenly darted out and collided with automobile while claimant was driving on State Park Commission highway, state was not liable, notwith *269 standing alleged failure to provide suitable guards, railings or fences, since state was acting as trustee for people and exercising a governmental function for benefit of public at large.”
And from the opinion:
"Further, had the State undertaken to erect such fences for confining of wild deer, it would have been confronted with an intricate problem in view of the deer’s well-known agility in scaling considerable heights.”
We are disposed in making a determination of the instant claim to adopt the holding in point 1 of the syllabus of the New York Court of Claims in the case of Corron v. State, Court of Claims of N. Y. (1939) 10 N. Y. Supp. 2d 960, which reads as follows:
‘‘The state has a general right to protect wild animals in the interest of the public, and complaint may not be made of incidental injuries that may result from such protection.”
In our judgment that is a well-reasoned opinion.
We are unable to see any moral obligation on the part of the state to compensate claimant for her unfortunate accident.
An award is, therefore, denied and the claim dismissed.